MARK W. STRASLE, ESQUIRE, ID NO. 119752014
**MADDEN & MADDEN, P.A.**
A Professional Corporation
108 Kings Highway East - Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033
(856) 428-9520
Attorney for Defendant, Willingboro Board of Education

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)**

| | |
|---|---|
| DONITA ZEPEDA<br><br>Plaintiff<br><br>vs.<br><br>WILLINGBORO BOARD OF EDUCATION and MALCOLM OUTLAW<br><br>Defendants | CASE NO.: 1:26-cv-00534<br><br>**DEFENDANT WILLINGBORO BOARD OF EDUCATION'S ANSWER TO FIRST AMENDED COMPLAINT, SEPARATE DEFENSES, AND JURY DEMAND** |

Defendant, Willingboro Board of Education (hereinafter the "Answering defendant"), by way of Answer to the First Amended Complaint of plaintiff, Donita Zepeda (hereinafter "plaintiff"), hereby states as follows:

**PRELIMINARY STATEMENT**

The allegations in this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is made thereto. To the extent that any response is required, the allegations of this paragraph are denied by this Answering Defendant.

**PARTIES, JURISDICTION, & VENUE**

1.    This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to his proofs.

1

2. Admitted.

3. Admitted.

4. The allegations of this paragraph do not pertain to this Answering Defendant, thus no response is made thereto.

5. This Answering Defendant does not contest the United States District Court, District Court of New Jersey has personal jurisdiction over these Answering defendants.

6. This Answering Defendant does not contest that venue is properly laid in the United States District Court, District Court of New Jersey.

## FACTUAL BACKGROUND

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

12. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

13. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

14. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

15. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

16. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

17. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

18. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

19. Admitted.

20. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

21. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

22. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

23. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

24. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

25. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

26. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

27. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

28. This paragraph refers to a certification form, the certification form speaks for itself and no answer from this Answering Defendant is required.

29. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

30. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

31. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

32. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

33. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

34. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

35. Admitted.

36. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

37. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

38. Denied.

39. This Answering defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

40. This paragraph refers to an email, the email speaks for itself and no answer from

this Answering Defendant is required.

    41.    Denied.

    42.    Denied.

    43.    Denied.

    44.    This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

    45.    This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

    46.    This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

    47.    This paragraph refers to a request form, the request form speaks for itself and no answer from this Answering Defendant is required.

    48.    This paragraph refers to a request form, the request form speaks for itself and no answer from this Answering Defendant is required.

    49.    This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

    50.    This paragraph refers to documentation, the documentation speaks for itself and no answer from this Answering Defendant is required.

    51.    Denied.

    52.    Denied.

    53.    Denied.

    54.    Denied.

    55.    Denied.

56. Denied.

57. This paragraph refers to a notice of non-renewal, the notice of non-renewal form speaks for itself and no answer from this Answering Defendant is required.

## COUNT I

## FMLA Interference

58. This Answering Defendant repeats and reiterates their responses to the allegations of the preceding paragraphs as if fully set forth herein at length.

59. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

60. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

61. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

62. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

63. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

64. The allegations of this paragraph constitute legal conclusions and/or statements of

law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

65. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

66. This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

67. This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

68. This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

69. This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

70. This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

71. This paragraph refers to a medical leave policy, the medical leave policy speaks for itself and no answer from this Answering Defendant is required.

72. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

73. This paragraph refers to a medical leave policy, the medical leave policy speaks for itself and no answer from this Answering Defendant is required.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**WHEREFORE**, Defendant, Willingboro Board of Education, hereby demands the dismissal of plaintiff's complaint with prejudice, along with reasonable counsel fees and court costs, and for such other relief as this Court may deem equitable and just.

## COUNT II

## FMLA & NJFLA INTERFERENCE

84. This Answering Defendant repeats and reiterates its responses to the preceding paragraphs as if the same were set forth herein at length.

85. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

86. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

87. The allegations of this paragraph constitute legal conclusions and/or statements of

law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

88. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

89. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

90. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

91. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

92. This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

93. This Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations of this paragraph. Therefore, plaintiff is left to her proofs.

94. Denied.

95. Denied.

96. Denied.

97. This paragraph refers to a medical leave policy, the medical leave policy speaks for itself and no answer from this Answering Defendant is required.

98. Denied.

99. Denied.

100. Denied.

**WHEREFORE**, Defendant, Willingboro Board of Education, hereby demands the dismissal of plaintiff's complaint with prejudice, along with reasonable counsel fees and court costs, and for such other relief as this Court may deem equitable and just.

## COUNT III

## FMLA & NJFLA RETALIATION

101. This Answering Defendant repeats and reiterates its responses to the preceding paragraphs as if the same were set forth herein at length.

102. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied

110. Denied.

111. This paragraph refers to a notice of non-renewal, the notice of non-renewal form speaks for itself and no answer from this Answering Defendant is required. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

112. Denied.

## COUNT IV

## LIABILITY OF DEFENDANT OUTLAW UNDER THE FMLA

113. This Answering Defendant repeats and reiterates its responses to the preceding paragraphs as if the same were set forth herein at length.

114. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

115. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

116. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

117. The allegations of this paragraph constitute legal conclusions and/or statements of law. Therefore, no response is tendered thereto. To the extent that any response is required, the allegations of this paragraph are denied as to this Answering Defendant.

118. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

119. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

120. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

121. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

122. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

123. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

124. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

125. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

126. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering Defendant, same are denied.

127. The allegations of this paragraph under Count IV do not pertain to this Answering Defendant, thus no response is made thereto. Insofar as this paragraph applies to this Answering

Defendant, same are denied.

**WHEREFORE**, Defendant, Willingboro Board of Education, hereby demands the dismissal of plaintiff's complaint with prejudice, along with reasonable counsel fees and court costs, and for such other relief as this Court may deem equitable and just.

### SEPARATE DEFENSES

1. This Answering defendant has not violated any rights of plaintiff.
2. This Answering defendant breached no duty owing to plaintiff.
3. This Answering defendant acted in good faith at all relevant times.
4. This Answering defendant acted properly and reasonably at all relevant times.
5. Plaintiff's Complaint fails to state a claim upon which relief may be granted.
6. Plaintiff's claims are barred by the doctrine of laches.
7. Plaintiff's claims set forth in her Complaint are barred by the applicable statute of limitations.
8. Plaintiff's Complaint is barred by the doctrine of waiver.
9. Plaintiff's Complaint is barred by the doctrine of collateral estoppel.
10. Plaintiff's Complaint is barred by the doctrine of res judicata.
11. Plaintiff's Complaint is barred by the entire controversy doctrine.
12. Plaintiff's Complaint is barred as against public policy in this state.
13. Plaintiff's Complaint is barred under the doctrine of unclean hands.
14. Plaintiff's Complaint is barred by plaintiff's failure to exhaust administrative remedies.
15. This Answering defendant is not obligated to plaintiff in any amount or sum, whatsoever.
16. Plaintiff has not suffered and/or has failed to mitigate damages.
17. Plaintiff's claim for punitive damages against the defendant public entity is barred under City of Newport v. Fact Concerts, 453 U.S. 247 (1981).

18. The actions taken by these Answering defendants were, at all times, reasonable and undertaken in good faith.

19. Plaintiff's claims are barred by virtue of her failure to exhaust administrative and internal remedies.

20. Plaintiff has not suffered the denial of any privilege under any state statute.

21. Plaintiff's rights, privileges and immunities secured under the Constitution or laws of the United States have not been violated by these Answering defendants.

22. At all times, the individual defendants were employed by the public entity defendant and acted in their official capacity. Their actions and/or inactions, if any, were conducted in good faith, with no malice and in the reasonable belief that the actions and/or inactions were authorized by and in accordance with existing law and authority.

23. Plaintiff's claims for punitive damage are governed by limitations set forth in the New Jersey Punitive Damages Act, N.J.S.A. 15:5-9, et seq.

24. Plaintiff cannot establish a prima facie case of retaliation or interference under the Family and Medical Leave Act.

25. Plaintiff cannot establish a prima facie of retaliation or interference under the New Jersey Family Leave Act.

26. Plaintiff has no right, claim or entitlement to backpay, front pay, compensatory and/or punitive damages.

27. Plaintiff cannot establish a prima facie case for violations under the Family and Medical Leave Act.

28. Plaintiff cannot establish a prima facie case for violations under the New Jersey Family Leave Act.

29. Plaintiff cannot establish a prima facie case for violations under the New Jersey Law Against Discrimination.

30. The adverse employment actions, if any, taken against plaintiff were legitimate, non-discriminatory and non-retaliatory.

31. Answering defendants reserve the right to move to sever plaintiff's claims at a later date.

32. Plaintiff cannot maintain her claims of retaliation or discrimination in light of Answering defendants' well established and effective anti-retaliation and anti-discrimination policies.

33. Plaintiff's claims are barred, in whole or in part, for failure to give proper notice to these Answering defendants of the alleged discriminatory or retaliatory conduct.

34. These Answering defendants did not interfere with, restrain and/or deny the exercise or the attempted exercise of plaintiff's rights under the Family Medical Leave Act or the New Jersey Family Leave Act.

35. Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

36. Plaintiff's claims are barred because plaintiff unreasonably failed to avail herself of remedies available under plaintiff's employer's and/or union's policies and procedures.

37. Plaintiff's claims are barred by plaintiff's own breach of plaintiff's employment agreement and/or applicable collective bargaining agreement.

38. These Answering defendants reserve the right to assert any and all additional defenses to plaintiff's Complaint as discovery may reveal.

## JURY DEMAND

Answering defendant in the above matter do hereby demand a trial of all issues of this cause by jury.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I, Mark W. Strasle, Esquire, hereby certify that the matter in controversy is subject of a pending proceeding. The pending proceeding that is related to this proceeding is as follows: <u>Donita Zepeda v. Willingboro Public Schools</u>, Docket No.: E2025-000793, State of New Jersey, Department of Law & Public Safety, Division of Civil Rights.

        MADDEN & MADDEN, P.A.
        Attorneys for Defendant,
        Willingboro Board of Education

        *s/Mark W. Strasle*

By: _____
        MARK W. STRASLE, ESQUIRE

Dated: January 23, 2026

## **DESIGNATION OF TRIAL COUNSEL**

Please take notice that the undersigned, Regina M. Philipps, Esquire, is hereby designated as trial counsel.

                                      MADDEN & MADDEN, P.A.
                                      Attorneys for Defendant,
                                      Willingboro Board of Education

                                      *s/ Mark W. Strasle*
                        By:   _____
                                      MARK W. STRASLE, ESQUIRE

Dated: January 23, 2026