**Patrick F. Carrigg, Esq., ID# 035892005**
**Sharyn J. Gallatin, Esq., ID#025971999**
**LENOX, SOCEY, FORMIDONI, GIORDANO, LANG, CARRIGG & CASEY, LLC**
**136 Franklin Corner Road, St. 2B**
**Lawrenceville, NJ 08648**
**(609) 896-2000**
Attorney(s) for: **Defendant, Malcolm Outlaw**

| | |
|---|---|
| DONITA ZEPEDA,<br><br>Plaintiff,<br><br>v.<br><br>WILLINGBORO BOARD OF EDUCATION AND MALCOLM OUTLAW,<br><br>Defendants. | **The United States District Court**<br>**For the**<br>**District of New Jersey**<br><br>Civil Action No: 1:26-cv-00534-CPO-SAK |

**BRIEF IN SUPPORT OF DEFENDANT, MALCOLM OUTLAW'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6), IN LIEU OF AN ANSWER**

## STATEMENT OF FACTS

Plaintiff, Donita Zepeda, brings a four count Complaint, against moving Defendant, Malcolm Outlaw ("Outlaw"), and the Willingboro Board of Education ("Willingboro" or "the District"), relative to her employment in the Willingboro School District. Plaintiff brings causes of action for: 1) Interference with the Family Medical Leave Act ("FMLA"); 2) Interference with the FMLA and the New Jersey Family Leave Act ("NJFLA"); 3) FMLA and NJFLA Retaliation; and 4) Liability of Defendant Outlaw under the FMLA. Exhibit A. Of note, only the last Count of the Complaint is against Defendant, Outlaw.

Plaintiff was employed by the District from September 25, 2018, until the Fall of 2019 as a Multi-Sensory Reading Specialist. Exhibit A, ¶ 11-12. Plaintiff resigned from her position to pursue leadership position in another district. Exhibit A, ¶ 13. She was rehired by the District in June of 2023 in the position of Senior Lead Educator of Guidance and College Access. Exhibit A, ¶ 14-15. On or about July 26, 2024, Defendant Willingboro approved Plaintiff for the position of Senior Lead Educator of Special Services Pre-K-6th ("Senior Lead Educator") which was to begin at the start of the 2024-2025 school year. Exhibit A, ¶ 17. Plaintiff's working day in this position was eight (8) hours. Exhibit A, ¶ 20. As part of her job duties, Plaintiff was required to conduct a Round 1 evaluation on special education teachers. Exhibit A, ¶ 21. These evaluations included a classroom observation by the Plaintiff as part of each teacher's employment performance protocol. Exhibit A, ¶ 22. Plaintiff alleges she conducted, on average, 20 such evaluations per each round of staff evaluations, of which there were three (3) annually. Exhibit A, ¶ 23.

At the start of the 2024-2025 school, Plaintiff alleges she requested medical leave to attend to her special needs daughter's serious health issues. Exhibit A, ¶ 25. Specifically, Plaintiff requested a reduction in her work week from five (5) days pers week to two (2) to three (3) days

per week and reducing her working hours from eight (8) to six (6) hours per day. Exhibit A, ¶26. On September 5, 2024, Plaintiff alleges she submitted completed certification forms from her daughter's treating physician in support of her request. Exhibit A, ¶ 28. Plaintiff further alleges she wasn't notified until September 23, 2024, that her request for medical leave had to be placed on the Willingboro Board of Education meeting agenda for approval. The next meeting was scheduled for October 14, 2024. Exhibit A, ¶ 33. Willingboro approved the request at that meeting. Exhibit A, ¶ 34.

Throughout Plaintiff's employment, Defendant Outlaw was employed by Willingboro as the District's Superintendent. Exhibit A, ¶ 9. Upon submitting the request for intermittent leave and prior to its approval, Plaintiff alleges she was required to meet with Defendant Outlaw and Ca'Meshia Mitchell, Willingboro's Director of Human Resources. Exhibit A, ¶ 36. Once her intermittent medical leave was approved, Plaintiff alleges her weekly work hours were reduced by approximately fifty percent (50%). Exhibit A, ¶ 37. Plaintiff alleges defendant Outlaw informed her that she had to complete fifteen (15) Round 1 evaluations per evaluation cycle, despite her reduced work schedule. Exhibit A, ¶ 39. She further alleges that Defendants based its expectations for her performance on a full-time schedule and not the reduced schedule established while on intermittent leave. Exhibit A, ¶ 42. Plaintiff alleges that Defendant Outlaw not only directed Ms. Mitchell to email her regarding Plaintiff's failure to complete the required number of evaluations, despite them already being completed, but also instructed Jennifer Barrientos, Willingboro Director of Special Services, to advise Plaintiff she was falling behind on her work. Exhibit A, ¶ 40-41.

On or about March 10, 2025, Plaintiff alleges she submitted a request form for continuous medical leave based on her own health condition – exacerbation of her previously diagnosed

anxiety and depression. Exhibit A, ¶ 45-47. The medical leave request was for the period between April 17, 2025, and June 2, 2025, as requested by her treating physician. Exhibit A, ¶ 48. Plaintiff alleges she as advised by Ms. Mitchell that FMLA was not needed due to New Jersey's "sick leave" law. Exhibit A, ¶ 54. Plaintiff alleges her request was not processed by Willingboro and while on medical leave, she was sent a notice of non-renewal on May 12, 2025. Exhibit A, ¶ 55, 57.

Plaintiff alleges Defendant Outlaw is liable under the FMLA due to his supervisory role over her as well as Ms. Mitchell and Ms. Barrientos. Exhibit A, ¶ 122-125. She further alleges Defendant Outlaw was responsible for the non-renewal of her employment. Exhibit A, ¶ 126. Missing from Plaintiff's Complaint are any specific facts to support her contention that "Defendant Outlaw was responsible for the non-renewal of here employment."

On December 3, 2025, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Burlington County, bearing Docket No.: BUR-L-2785-25. Exhibit A. Pursuant to said Complaint, Plaintiff alleged: 1) FMLA interference by Defendant Willingboro Board of Education; 2) FMLA and NJFLA interference by the Defendant Willingboro Board of Education; 3) FMLA and NJFLA retaliation by the Defendant Willingboro Board of Education; and 4) Individual liability of Defendant Outlaw under the FMLA. Exhibit A. On January 15, 2026, Defendant Willingboro Board of Education filed a Notice of Removal of the matter from state court to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1446(d). Exhibit B. The matter was docketed in the United States District Court for the District of New Jersey on January 16, 2026.

As noted above, Plaintiff's Complaint alleges no specific facts to support her claims that Defendant Outlaw was responsible for the non-renewal of her employment, As such, Plaintiff's claims against Defendant Outlaw must be dismissed with prejudice.

## STANDARD OF REVIEW

Rule 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." Id. "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., 988 F.2d 1157, 1160 (Fed. Cir. 1993). To survive a Rule 12(b) motion to dismiss, the complaint must assert a plausible claim, and set forth sufficient factual allegations to support the claim. Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).

Pleadings are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. Id. To satisfy the standard under Twombly and Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 570).

A claim has facial plausibility when Plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. Id. (citing Twombly, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950**.** Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." Id.

The cause of action Plaintiff asserts against Defendant Outlaw must be separately considered under these standards. See Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d.

Cir. 1982) ("[A] Rule 12(b)(6)motion to dismiss need not be granted nor denied in toto but may be granted as to the remainder.") In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, and indisputably authentic documents if the complainant's claims are based upon those documents. PBGC v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, it is indisputable that the Complaint fails to state a cause of action for which relief can be granted. Plaintiff alleges Defendant Outlaw is individually liable because he was responsible for the non-renewal of her employment. However, Plaintiff has not provided a single fact to support this and merely, makes conclusory allegations. Therefore, pursuant to well established precedent, Plaintiff has failed to state a cause of action upon which relief can be granted with respect to Defendant Outlaw and Defendant Outlaw's Motion to Dismiss must be granted.

## LEGAL ARGUMENT

### I. PLAINTIFF'S COMPLAINT AGAINST MALCOLM OUTLAW FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLANTIFF HAS NOT ALLEGED SPECIFIC FACTS TO SUPPORT A CLAIM FOR INDIVIDUAL LIABILITY UNDER THE FMLA.

The Family Medical Leave Act (FMLA) defines an employer as "any person who acts, directly or indirectly, in the interest of any employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(1). Therefore, individual liability may be imposed if a plaintiff can show the individual in question had supervisory authority over the complaining employee **and** was responsible in whole or in part for the alleged violation. Haybarger v. Lawrence Cnty Adult Probation & Parole, 667 F.3d 408, 417 (3d Cir. 2012) (emphasis added). In Haybarger, the Court found possible individual liability based on specific facts wherein the defendant had recommended termination of the plaintiff in the best interest of defendant's overall operations. Id. at 418.

In addition, to establish a claim for retaliation under the FMLA, a plaintiff must show she (1) invoked her right to FMLA-qualifying leaver: (2) suffered an adverse employment decision; and (3) the adverse action was causally related to plaintiff's invocation of rights. Gutierrez v. Lorenzo Food Group, Inc., 2025 U.S.Dist.LEXIS 161058, citing Capps v. Mondelez Glob, LLC, 847 F.3d 144, 152 (3d Cir. 2017). In Gutierrez, the court dismissed the FMLA count against the individual defendants because the complaint failed to sufficiently plead facts that connected the individual defendants to any alleged FMLA violation. Specifically, the court held "limited, conclusory, and scattershot arguments… are insufficient to survive a motion to dismiss." Gutierrez at 9, citing White v. Eberle & Bci Servs. LLC, No. 12-2169, 2013 U.S.Dist.LEXIS 7542.

In the within matter, Plaintiff's claim against Defendant Outlaw is based on his supervisory role over her and Ms. Mitchell and Ms. Barrientos, as Superintendent in the Willingboro School District, **and** her assertion that he was responsible for the non-renewal of her employment. Exhibit

A, ¶ 121, 126. However, Plaintiff has not pled a single fact regarding the manner in which Defendant Outlaw was responsible for the non-renewal of her employment which, presumably, is the adverse employment action upon which Plaintiff bases her entire claim. Plaintiff simply seeks judgment against Defendant Outlaw because she suffered damages because of his "retaliatory termination of her employment for exercising her rights under the FMLA." Exhibit A, ¶ 127.

Therefore, based on the holdings in Iqbal and Twombly, supra., this Court must find that Plaintiff's claim against Defendant Outlaw is nothing more than a conclusory allegation with no basis in which to support it. Accordingly, as Plaintiff has failed to state a cause of action upon which relief can be granted as against Defendant Outlaw, Defendant's Motion to Dismiss under Rule 12(b)(6) must be granted.

## CONCLUSION

For the foregoing reasons, Defendant, Malcolm Outlaw's Motion to Dismiss should be granted and Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**LENOX, SOCEY, FORMIDONI, GIORDANO, LANG, CARRIGG & CASEY, LLC**
Attorneys for Defendant, **Malcom Outlaw**



______________________________
Patrick F. Carrigg, Esq.

DATED: February 19, 2026